

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-94,704-01

### EX PARTE DEANOTRA LWAN HOPKINS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-213-W012206-1653363-A IN THE 213TH DISTRICT COURT
### FROM TARRANT COUNTY

**KEEL, J., filed a dissenting opinion in which KELLER, P.J., joined.**

## <u>DISSENTING OPINION</u>

Applicant claims his guilty plea was involuntary because his attorney misadvised him about the possibility of parole.

Let's assume for the sake of argument that the attorney misadvised him. Applicant must also show that he would have insisted on trial but for that bad advice. *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Such a showing would depend not only on the advice he got about parole but also on things like the strength of

the State's case, the existence of any defenses, the possible punishment evidence, and the plea offer as compared with the punishment range.   Applicant makes no such showing.

Applicant shows nothing about the strength of the State's case, the existence of any defenses, or possible punishment evidence.   He asserts—but does not prove—that he has never been to prison, while the record suggests that he is a habitual offender who would have faced a minimum of 25 years if his case had been enhanced.   And his eight-year plea offer was at the low end of the first-degree punishment range he faced before any enhancement, further undermining his claim that he would have insisted on going to trial.

Applicant has not met his burden of proof.   He asserts that he would have insisted on going to trial, but he does not prove it.   We should deny relief.   Since the Court grants relief instead, I respectfully dissent.


Filed: November 15, 2023

Publish